# EXHIBIT A

J in Providence/Bristol County Superior Court
mitted: 5/26/... ... ...
elope: 1058330
iewer: Alexa G.

**STATE OF RHODE ISLAND**            **SUPERIOR COURT**
**PROVIDENCE/BRISTOL, SC.**


TODD J. GIROUX,
         *Plaintiff*


vs.                 C. A. NO. PC-2017- *2476*


U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR CSMC MORTGAGE-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2006-4,
         *Defendant*

---

## COMPLAINT

### (JURY TRIAL DEMANDED)

### COMMON AVERMENTS

1.     Plaintiff Todd J. Giroux is a domiciled inhabitant and resident of the State of Rhode Island, and presently resides at and at all times material to this Complaint has resided at 30 Harrison Street, Bristol, Rhode Island 02809 ("Subject Property").

2.     The Subject Property is also described Lot 30 on Map 146 in the Office of the Tax Assessor & Collector for the Town of Bristol, Rhode Island, and is more particularly described in that certain warranty deed recorded in the Land Evidence Records of the said Town of Bristol ("LER") in Book 1127 at page 235.

3.     U.S. Bank National Association is a national banking association, which, upon information and belief, maintains principal offices at 425 Walnut Street, Cincinnati, Ohio 45202.

4.     U.S. Bank National Association is named as a party defendant not in its individual capacity, but solely as trustee for CSMC Mortgage-Backed Pass-Through Certificates, Series

J in Providence/Bristol County Superior Court
mitted: 5/26/...
elope: 1058330
iewer: Alexa G.

2006-4. Hereinafter, Defendant U.S. Bank National Association as Trustee for CSMC Mortgage-Backed Pass-Through Certificates, Series 2006-4, will be referred to as "Defendant."

5.      On or about June 14, 2004, Plaintiff became the fee owner of the Subject Property via a warranty deed recorded in the Land Evidence Records of the Town of Bristol, Rhode Island ("LER"), in Book 1127 at page 235.

6.      On or about February 14, 2006, Plaintiff executed a note in favor of Allied Mortgage Group, Inc., then a Pennsylvania Banking Corporation, encumbering the Subject Property.

7.      On or about February 14, 2006, Plaintiff executed a mortgage securing the note in favor of Allied Mortgage Group, Inc., and this mortgage was recorded in the LER in Book 1276 at page 88 ("Plaintiff's mortgage").

8.      On or about July 20, 2009, the Plaintiff's mortgage was assigned to Defendant via an assignment of mortgage dated July 20, 2009, and recorded in the LER in Book 1497 at page 251.

9.      On May 25, 2016, Defendant purportedly foreclosed the Plaintiff's mortgage, by purportedly exercising the Statutory Power of Sale contained therein.

10.     Defendant purports to derive title to the Subject Property by a purported Foreclosure Deed, dated August 24, 2016, and recorded in the LER in Book 1860 at page 250 on September 2, 2016 ("purported Foreclosure Deed").

## COUNT I

## DEFECTIVE ACCELERATION OF
## THE PLAINTIFF'S MORTGAGE

11.     Plaintiff repeats and incorporates by reference the Common Averments of this Complaint, namely, Paragraphs 1 through 10, inclusive, as if restated verbatim here.

J in Providence/Bristol County Superior Court
mitted: 5/26/2017 3:31 PM
elope: 1058330
iewer: Alexa G.

12.     Pursuant to paragraph numbered 22 of the Plaintiff's mortgage, Plaintiff, as borrower,

and the lender and its successors and assigns, including Defendant, covenanted and agreed as

follows:

> Lender shall give notice to Borrower prior to acceleration [of the mortgaged
> indebtedness] following Borrower's breach of any covenant or agreement in this
> Security Instrument…. The notice shall specify: (a) the default; (b) the action
> required to cure the default; (c) a date, not less than 30 days from the date the
> notice is given to Borrower, by which the default must be cured; and (d) that
> failure to cure the default on or before the date specified in the notice may result
> in acceleration of the sums secured by this Security Instrument and sale of the
> Property. The notice shall further inform Borrower of the right to reinstate after
> acceleration and the right to bring a court action to assert the non-existence of a
> default or any other defense of Borrower to acceleration and sale. If the default
> is not cured on or before the date specified in the notice…Lender may invoke
> the STATUTORY POWER OF SALE….

13.     Paragraph numbered 22 of the Plaintiff's mortgage is a condition precedent, which

requires strict compliance, when a mortgagee or its successors and assigns seek to accelerate

the mortgaged indebtedness and foreclose the mortgage by sale. Martins v. Federal Housing

Finance Agency et al., C.A. No. 15-235 (USDC-RI, 10/11/16). A copy of the Martins Decision

and Order is appended hereto as Item A.

14.     Appended hereto as Item B and made part hereof through incorporation by reference is

a copy of the May 9, 2009 notice of acceleration sent to Plaintiff by America's Servicing Co.,

which notice (herein "the spurious notice of default") is that relied upon by Defendant to

establish compliance with paragraph numbered 22 of the Plaintiff's mortgage.

15.     The spurious notice of default does not comply with paragraph numbered 22 of the

Plaintiff's mortgage in that it fails to identify either the lender or the mortgage holder on whose

behalf it has been sent.

J in Providence/Bristol County Superior Court
mitted: 5/26/...
elope: 1058330
iewer: Alexa G.

16.    As a result of said defect in the spurious notice of default, the acceleration and foreclosure sale of the Plaintiff's mortgage, which had been authorized by Defendant, were void, invalid and without force and effect.

17.    As a direct result of the unauthorized and wrongful action of Defendant, Plaintiff has suffered damages, including emotional distress, loss of clear title to the Subject Property, loss of the unencumbered ownership, use, possession and enjoyment of the Subject Property, court costs, attorney's fees in defenses of foreclosure and eviction and attorney's fees to clear title and regain possession, dominion and control of the Subject Property as existed before the said unauthorized and wrongful actions.

WHEREFORE, Plaintiff prays this Honorable Court for a judgment adjudicating and declaring that the Defendant's acceleration of the mortgaged indebtedness and the foreclosure of the Plaintiff's mortgage by sale were and are void, invalid and without force and effect; and adjudicating and declaring that the Defendant's conveyance of the Subject Property by the purported Foreclosure Deed is void, invalid, and without force and effect; and adjudicating and declaring that title to the Subject Property is restored to Plaintiff as if no foreclosure sale had taken place; and awarding Plaintiff compensatory and punitive damages, according to proof, in an amount sufficient to invoke the jurisdiction of this Honorable Court, together with interest and costs of suit; and enjoining and restraining Defendant from any eviction action directed against Plaintiff or tenants in possession of the Subject Property (or any part thereof) through or under Plaintiff; and, further, enjoining and restraining the Defendant from alienating, encumbering or otherwise exercising in any manner any dominion, control or possession of the Subject Property.

J in Providence/Bristol County Superior Court
mitted: 5/26...
elope: 1058330
iewer: Alexa G.

## COUNT II
## QUIET TITLE

18.     Plaintiff repeats and incorporates by reference the Common Averments of this Complaint and the averments of Court I of this Complaint, as if restated verbatim here.

19.     Plaintiff and Defendant both make claim to the fee title to the Subject Property.

20.     The claim of Plaintiff derives from the warranty deed recorded in the Land Evidence Records of the Town of Bristol, Rhode Island ("LER"), in Book 1127 at page 235.

21.      The claim of Defendant derives from the purported Foreclosure Deed, which is void, invalid and without force and effect.

22.     Plaintiff is entitled to a judgment quieting title to the Subject Property and declaring that Plaintiff is the true and lawful owner of the fee title to the Subject Property.

WHEREFORE, Plaintiff prays this Honorable Court for a judgment quieting title by adjudicating and declaring that Plaintiff is the true and lawful owner of the fee title to the Subject Property, together with an award of attorney's fees and costs of suit.

DATED: May 26, 2017

| |
|---|
| Plaintiff hereby claims trial by jury on all counts. |

Plaintiff,
By his Attorney:

/s/ William P. Tocco III
William P. Tocco III (#2275)
23 Acorn Street Floor 1
Providence, RI 02903-1060
Tel: 401-864-8101
Fax: 866-705-6122
billt2590@gmail.com

Case Number: PC-2017-
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

STATE OF RHODE ISLAND                    SUPERIOR COURT
PROVIDENCE/BRISTOL, SC.


TODD J. GIROUX,
          *Plaintiff*

vs.                                      C. A. NO. PC-2017-_____

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR CSMC MORTGAGE-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2006-4,
          *Defendant*

_____


ITEM A

APPENDED TO COMPLAINT


**Martins v. Federal Housing Finance Agency et al.**


**C.A. No. 15-235**


**(USDC-RI 10/11/16)**

Case Number: PB-2017-... 
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DELINDA M. MARTINS,  )
    Plaintiff,  )
            )
v.  )    C.A. No. 15-235-M-LDA
            )
FEDERAL HOUSING FINANCE  )
AGENCY, FEDERAL NATIONAL  )
MORTGAGE ASSOCIATION, AND  )
GREEN TREE SERVICING, LLC.,  )
    Defendants.  )

## MEMORANDUM AND ORDER

JOHN J. McCONNELL, JR., United States District Judge.

This complaint arises out of Delinda M. Martins' assertion that Defendants, Federal Housing Finance Agency ("FHFA"), Federal National Mortgage Association ("Fannie Mae"), and Green Tree Servicing, LLC ("Green Tree")[1] (collectively "Defendants") violated a number of her rights by foreclosing upon her home, including her constitutional due process rights by failing to provide her adequate notice of their non-judicial foreclosure, and her contractual right to proper notice pursuant to her mortgage.

This Court is now faced with Defendants' Motion to Dismiss Ms. Martins' complaint claiming it is moot because Fannie Mae rescinded the complained of non-judicial foreclosure, and Cross-Motions for Summary Judgment on Fannie Mae's counterclaim for judicial foreclosure. Defendants' argument in this case is twofold.

---

[1] Upon an assented-to motion, the Court entered final judgment for Defendant Green Tree. (ECF No. 55).

Case Number: PC-2017-2527
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

First, they argue that Ms. Martins' claims are moot and the Court should dismiss them because it rescinded the non-judicial foreclosure. Second, they argue that the Court should grant summary judgment on their counterclaim seeking a judicial foreclosure under Rhode Island General Laws § 34-27-1, because that section does not require compliance with the mortgage document.

Ms. Martins argues that her claims are not moot because the Defendants voluntary ceased the unlawful conduct and there is a reasonable expectation that the alleged unlawful conduct will recur unless the Court grants relief. Furthermore, Ms. Martins asserts that the Court should dismiss the counterclaim for judicial foreclosure because compliance with Paragraph 22 of the Mortgage is required as a condition precedent even when seeking a judicial foreclosure, and Defendants' notice failed to (1) specify a date not less than thirty days by which default must be cured, (2) advise Ms. Martins of her right to reinstate the mortgage after acceleration, and (3) inform Ms. Martins of her right to bring a court action to assert the non-existence of default or any other defense to acceleration and foreclosure.

## I.    Facts

In 2007, Ms. Martins borrowed money from Shamrock Financial Corporation ("Shamrock") to finance the purchase of her home in Smithfield, Rhode Island (the "Property"). The Note was secured by a mortgage (the "Mortgage") in favor of Shamrock and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Shamrock and its successors and assigns. MERS later assigned its

2

Case Number: PC-2017-2412
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

interest to Fannie Mae,[2] which then assigned its interest to Bank of America, N.A. ("BOA"). In 2013, BOA transferred its interest in the Mortgage to Green Tree.

Beginning in 2009, at the time of this country's devastating economic downturn and housing crisis, Ms. Martins failed to make her required payments. Under Paragraph 22 of her Mortgage, the lender has the right to accelerate the amount of the Mortgage; however, in doing so, the Mortgage requires notice of six required pieces of information prior to its acceleration. A notice must specify (1) that the mortgagor is in default; (2) the action required to cure default; (3) a date, not less than thirty days by which default must be cured; (4) that failure to cure default may result in acceleration and sale of the Property; (5) the right to reinstate after acceleration; and (6) the right to bring a court action claiming the non-existence of default or any other defense.

Green Tree sent Ms. Martins a notice of default on February 11, 2014,[3] stating its intent to accelerate the Mortgage. The February 11, 2014 letter provided that (1) Ms. Martins was in default, (2) default could be corrected in thirty days from the date of the notice by paying $93,240.41, and (4) failure to cure default could result in acceleration and sale of the Property. It further provided that Ms. Martins should check the Mortgage Agreement for any right to reinstate after

---

[2] FHFA is a party to the instant case by virtue of its status as conservator over Fannie Mae. The Court will simply refer to both Defendants as Fannie Mae in this Memorandum and Order.

[3] Ms. Martins received a second notice dated February 12, 2014, which again informed her of her default status and that failure to cure default could result in foreclosure on the Property securing the Mortgage. This notice also informed Ms. Martins of the availability of mortgage counseling services.

3

Case Number PC-2015-1776
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

acceleration,[4] and Ms. Martins' right to "assert in the foreclosure proceeding the non-existence of a default or any other defense available to [Ms. Martins]."

Green Tree sent Ms. Martins' default mortgage account to Harmon Law Offices, P.C. ("Harmon"), which sent a notice to Ms. Martins dated April 22, 2014. The notice stated that Harmon had been retained by Green Tree to foreclose on the Property, Ms. Martins was "in breach of the conditions of the loan documents," the Mortgage was "hereby accelerated," Ms. Martins may still have the right to reinstate the loan, and the total due.

Harmon then sent a notice of foreclosure sale to Ms. Martins, evidencing Green Tree's intent to initiate a non-judicial foreclosure via Rhode Island's power-of-sale statute.  R.I. GEN. LAWS § 34-11-22 (1956).  Fannie Mae conducted a foreclosure sale of the Property, in which it entered the only bid of $280,096.02. Fannie Mae signed a document, which it recorded in the land records for the Town of Smithfield.

II.    Procedure

Ms. Martins filed suit seeking declaratory and injunctive relief and damages. She alleged that as a governmental entity Defendant Fannie Mae was required to afford Ms. Martins her federal constitutional due process rights before conducting a non-judicial foreclosure.  Ms. Martins also alleged that all of the Defendants failed

---

[4] The notice read: "Please review your mortgage or deed of trust for any right you may have to reinstate your account after acceleration but prior to the earlier of (a) five days before the sale of the property under any power of sale in the Security Instrument or (b) entry of judgment enforcing the Security Instrument, by paying the Creditor all sums then due as if not acceleration has occurred."

Case Number: PC-2016-3621
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

to give her proper notice pursuant to Paragraph 22 of the Mortgage before the foreclosure. Finally, she asserted that a mediation conference and certificate of compliance were required pre-foreclosure. R.I. GEN. LAWS § 34-27-3.2.

Fannie Mae filed an assented-to-Motion to Set Aside the Non-Judicial Foreclosure (ECF No. 10), which the Court granted. Fannie Mae then filed a counterclaim against Ms. Martins (ECF No. 14), seeking a judicial foreclosure under Rhode Island's Complaint to Foreclose statute. R.I. GEN. LAWS § 34-27-1. Given its rescission of the non-judicial foreclosure, Fannie Mae filed its Motion to Dismiss Ms. Martins' complaint alleging the matter was now moot. (ECF No. 26).

On the same day it filed its Motion to Dismiss, Fannie Mae also filed a Motion for Summary Judgment on its counterclaim for judicial foreclosure against Ms. Martins. (ECF No. 21). Ms. Martins then filed a Cross-Motion for Summary Judgment as to Fannie Mae's counterclaim for judicial foreclosure. (ECF No. 36).

### III.   Legal Analysis

#### A.   Defendants' Motion to Dismiss Ms. Martins' Claims

On a motion to dismiss for lack of subject matter jurisdiction, this Court "must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996). However, a "party advocating jurisdiction must make clear the grounds on which the court may exercise jurisdiction: it is black-letter law that jurisdiction must be apparent from the face of the plaintiff['s] pleading." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir.

Case Number: PC-2017-2397
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

2007) (internal citations omitted). Ms. Martins, "as the part[y] now asserting federal jurisdiction, must carry the burden of establishing [her] standing." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006).

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Town of Portsmouth, R.I. v. Lewis*, 813 F.3d 54, 58 (1st Cir. 2016) (internal citations omitted) (alterations in original). In other words, mootness arises when "it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and [] interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Los Angeles County. v. Davis*, 440 U.S. 625, 631 (1979). When a case becomes moot, dismissal becomes mandatory. *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001).

While mootness is fatal to any claim, the doctrine is not without its exceptions. The applicable exception in the instant case is that of voluntary cessation. As its name implies, the voluntary cessation exception states that a case, which would otherwise be moot, may still proceed if the defendant's voluntary cessation of the challenged conduct made the case moot. *Amer. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 54 (1st Cir. 2013). Normally, the party "claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). However, "in a

Case Number: [illegible]
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

lawsuit brought to force compliance, it is the plaintiff's burden to establish standing by demonstrating that, if unchecked by litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the threatened injury [is] certainly impending." *Id.* (alteration in original) (internal citation omitted).

Fannie Mae has rescinded its non-judicial foreclosure, and it has filed a counterclaim for judicial foreclosure on which it has moved for summary judgment. Various United States District Courts have held that rescinding a non-judicial foreclosure and initiating a judicial foreclosure renders a plaintiff's allegations of non-compliance with statutory requirements moot. *E.g.*, *Staton v. BAC Home Loans Servicing, LP*, No. 6:10-cv-01306-PA, 2014 WL 1803376, at *2 (D. Or. May 6, 2014), *appeal filed*; *Paik-Apau v. Deutsche Bank Nat'l Trust Co.*, No. 10-00699 SOM/RLP, 2012 WL 300417, at *7 (D. Haw. Jan. 31, 2012); *Cf. Nash v. GMAC Mortg., LLC*, No. CA 10-493S, 2011 WL 2470645, at *13 (D.R.I. May 18, 2011) (holding that a cancelled auction foreclosure sale, without a rescheduled date, was enough to render plaintiff's request for an injunction as moot); *Smith v. World Savings and Loan Ass'n*, No. 2:10-CV-02855 JAM-JFM, 2011 WL 338495, at *4 (E.D. Cal. Jan. 31 2011) (holding that plaintiff's two foreclosure related claims were moot because the notice of default was rescinded and foreclosure incomplete).

This Court sees no reason why it should not follow suit. Not only has Ms. Martins not established that the harm she seeks to prevent is "certainly impending," *see Laidlaw*, 528 U.S. at 190, but Ms. Martins' situation is also sufficiently analogous, if not identical to the situation of so many before her. *See*

7

Case Number:
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

*Staton*, 2014 WL 1803376, at *2 ("When a non-judicial foreclosure sale is rescinded, 'any claims premised on the non-judicial foreclosure are rendered moot.'"). Ms. Martins' speculation that she will be harmed is not enough; she must show that "[s]he has been or will in fact be perceptibly harmed by the challenged agency action, not that [s]he can imagine circumstances in which [s]he could be affected by the agency's action." *Preiser v. Newkirk*, 422 U.S. 395, 403 (1975).

Ms. Martins has raised very serious questions about the constitutionality of Fannie Mae's procedures in non-judicial foreclosures. There are many others in our state who have found, or will find themselves in a similar position. While some may argue that this is reason enough for the Court to decide the issue now, the Court sees it otherwise. This issue is significant enough that the Court should decide this issue in the context of a real, current, and actual case and controversy. Ms. Martins has won her battle by having the non-judicial foreclosure vacated. The battle concerning the constitutionality of Fannie Mae's non-judicial foreclosures should be fought by someone whose alleged constitutionally defective foreclosure has not been rescinded. To put it in the vernacular, someone with skin in the game should litigate the issue.

Therefore, this Court GRANTS the Defendants' Motion to Dismiss Ms. Martins' claims as moot. (ECF No. 26).

Case Number PC-2017-2547
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

B.    Cross-Motions for Summary Judgment of Counterclaim

Next, the Court turns to Defendants' counterclaim against Ms. Martins, seeking a judicial foreclosure under Rhode Island state law. The parties have filed cross-motions for summary judgment on the counterclaim.

This Court may grant summary judgment only if it determines that the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *AGA Fishing Group Ltd. v. Brown & Brown, Inc.*, 533 F.3d 20, 23 (1st Cir. 2008).

Defendants now seek to foreclose on the Property through an order from this Court, instead of non-judicially. The change of process for the foreclosure, however, does not alleviate compliance with the agreement they made in the Mortgage, including the Paragraph 22 notice requirements. Despite the fact that the judicial foreclosure statute, R.I. GEN. LAWS § 34-11-22, does not expressly require compliance with the Mortgage document, the Rhode Island Supreme Court has stated that "the right to exercise the power of sale in a mortgage is derived from contract, not statute," and that the power of sale "does not exist independently" from the mortgage agreement. *Bucci v. Lehman Bros. Bank, FSB*, 68 A.3d 1069, 1084, 1085 (R.I. 2013). Simply put, if a mortgagee agrees to give a certain notice before a foreclosure, it does not matter whether it is a judicial or non-judicial foreclosure. The mortgagee must do that which it agreed. Thus, this Court must review compliance with Paragraph 22 of the Mortgage as a matter of contract law, irrespective of whether Defendants are seeking judicial or non-judicial foreclosure.

9

Case Number: PC-2017-2278
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

Case 1:17-cv-00299-WES-LDA   Document 1-2   Filed 06/19/17   Page 17 of 23 PageID #: 27

In Rhode Island, if a contract contains a notice requirement, then a court construes that notice requirement as a condition precedent, which requires strict compliance. *Cinq-Mars v. Travelers Ins. Co.*, 218 A.2d 467, 471 (R.I. 1966) (requirement of written notice for a claim by the insured is a "condition precedent to the insurer's liability."); *Ins. Co. of N. Am. v. Kayser-Roth Corp.*, No. C.A. PC 92-5248, 1999 WL 81366, at *22 (R.I. Super. July 29, 1999) (stating that notice requirements are a condition precedent in insurance contracts); *Dyer v. Ryder Student Transp. Servs., Inc.*, No. 98-4489, 1999 WL 395417, at *2 (R.I. Super. June 7, 1999) ("If notice by a tenant is not given to a landlord in accordance with the terms of the lease, the right to renew has been lost or has lapsed . . . .").

Furthermore, Paragraph 22 of the Mortgage is a condition precedent, which requires strict compliance, when a mortgagee seeks acceleration and foreclosure. *In re Demers*, 511 B.R. 233, 238, 239 (Bankr. D.R.I. 2014) (holding that a notice omitting a borrower's right to go to court to contest acceleration was fatal, and that even if notice to go to court was ambiguously provided, that ambiguity must be construed against the drafter).

In real estate contracts, when required notice fails to specify particular dates, inform the borrower of his or her right to reinstate a loan after acceleration, or inform the borrower of the ability to bring a court action to contest acceleration or foreclosure, that notice is insufficient. *In re Demers*, 511 B.R. at 239; *Hedco, Ltd. v. Blanchette*, 763 A.2d 639, 642, 643 (R.I. 2000) (failing to specify the termination date in a lease by providing the exact date by which tenant could pay was fatal to

10

Case Number: PC-2017-2526
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

required notice); *see also* 55 Am. Jur. 2d Mortgages § 539 ("Because . . . power to sell . . . by foreclosure sale is derived from the deed of trust and statute, strict compliance with the notice requirements is considered a prerequisite . . . and noncompliance with these requirements can render a foreclosure sale void.").

Like the notice in *Blanchette* that was deficient because it failed to state the exact date by which the tenant was required to pay, neither the February 11, 2014 notice from Green Tree, nor the April 22, 2014 notice from Harmon stated with specificity the last day by which Ms. Martins was required to pay in order to avoid foreclosure and sale of the Property. *See* 763 A.2d at 643. Even though the April 22 notice stated that Ms. Martins had the ability to reinstate the loan, this was not done until *after* acceleration had begun, as the April 22 notice stated, "[y]ou are further notified that the note is hereby accelerated." This fails to meet the parameters of Paragraph 22, which requires that the "Lender shall give notice to Borrower *prior* to acceleration . . . the right to reinstate after acceleration . . . ."

Lastly, the notice does not explicitly inform Ms. Martin that she has "a right to bring court action to assert the non-existence of default or any other defense . . . ." Rather, the February 11 notice simply stated, "[y]ou may also have the right to assert in the foreclosing proceeding the non-existence of a default or any other defense available to you." The language in Green Tree's February 11 notice is insufficient just like the *In re Demers* notice, which failed to adequately inform the borrower of her right to go to court by simply stating that she had "the right to argue that you did keep your promises and agreements under the Mortgage Note

11

Case Number: PC-2017-2485
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

Case 1:17-cv-00299-WES-LDA   Document 1-2   Filed 06/19/17   Page 19 of 23 PageID #: 29

and Mortgage, and to present any other defenses that you may have." *See* 511 B.R. at 238.

In analyzing the sufficiency of notice, this Court will not concern itself with "whether the [borrower] has been misled by the notice given." *Blanchette*, 763 A.2d at 642 (quoting *Tate v. Peter Charles Reynolds, Inc.*, 622 A.2d 449, 450 (R.I. 1993)). While *Blanchette* revolved around whether a notice adhered to the statutory requirements, the focus here is likewise, in viewing the Mortgage in tandem with § 34-11-22, "whether [or not] the [mortgage agreement] has been complied with." *See id.* Thus, we need not even go as far as to conjunctively view all the notices Ms. Martins received in an attempt to piecemeal the notice requirements of Paragraph 22 together. However, even if this Court was so inclined to do so, the last element is clearly missing; the notice does not inform Ms. Martins to whom she may assert these arguments, or where she must do so in order to argue against foreclosure.

There is no genuine issue as to any material fact concerning whether Fannie Mae complied with the Mortgage Agreement. It did not. At the least, the notices failed, on their face, to specify an exact date by which Ms. Martins could cure default, that she could reinstate the loan after acceleration, and that she has a right to bring court action. With respect to these elements of the notice, there is no plausible way that a jury could find for Defendants, and the notice is indeed material, as it determines whether Defendants have complied with the Mortgage

Case Number: PC-2017-2515
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

Agreement. *See Travers v. Flight Servs. & Sys., Inc.*, 737 F.3d 144, 146 (1st Cir. 2013); *Maymi v. P.R. Ports Auth.*, 515 F.3d 20, 25 (1st Cir. 2008).

### IV.    Conclusion

The Court GRANTS Defendants' Motion to Dismiss (ECF No. 26) and dismisses Ms. Martins' claims as moot.  Moreover, the Court DENIES Defendants' Motion for Summary Judgment (ECF No. 21) and GRANTS Ms. Martins' Motion for Summary Judgment.  (ECF No. 36).  Defendants are not entitled to judicial foreclosure because they have not adhered to the notice requirements of Paragraph 22 of the Mortgage.  Judgment shall enter for Defendants on Ms. Martins' claims and judgment shall enter for Ms. Martins on Defendants' counterclaim for judicial foreclosure.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

October 11, 2016

Case Number: PC-2017-...
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

**STATE OF RHODE ISLAND**                              **SUPERIOR COURT**
**PROVIDENCE/BRISTOL, SC.**


TODD J. GIROUX,
                *Plaintiff*

vs.                                       C. A. NO. PC-2017-_____

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR CSMC MORTGAGE-BACKED PASS-THROUGH
CERTIFICATES, SERIES 2006-4,
                *Defendant*

---

**ITEM B**

**APPENDED TO THE COMPLAINT**


**THE SPURIOUS NOTICE OF DEFAULT**

Case Number: PC-2017-2351
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.



ASC America's Servicing Co.
P.O. Box 9039
Temecula, Ca 92589-9039



May 10, 2009

1/106DAY30/RJ

*Redacted*

TODD J GIROUX
30 HARRISON ST
BRISTOL, RI 02809-4402

Dear Borrower(s):                                          RE: Loan Number

Our records indicate that your loan is in default.  Unless the payments on your loan can be brought current by June 09, 2009, it will become necessary to accelerate your Mortgage Note and pursue the remedies provided for in your Mortgage or Deed of Trust.  The total delinquency against your account as of today's date is as follows:

| | | |
|---|---|---|
| Past Due Payments | $ | 12,050.40 |
| Late Charge Balance | $ | 0.00 |
| Other Fees | $ | 0.00 |
| Suspense Balance | -$ | 0.00 |
| **Total Delinquency as of May 10, 2009** | $ | **12,050.40** |
| Payments due in next 30 days | $ | 3,012.60 |
| **Total due to cure default and bring loan current as of June 09, 2009** | $ | **15,063.00** |

Your failure to pay this delinquency, plus additional payments and fees that may become due, will result in the acceleration of your Mortgage Note.  Once acceleration has occurred, a foreclosure action, or any other remedy permitted under the terms of your Mortgage or Deed Trust, may be initiated.

You have the right to reinstate your Mortgage Note and Mortgage or Deed of Trust after acceleration.  However, any future negotiations attempting to reinstate your loan or any payment of less than the full amount due shall not constitute America's Servicing Co.'s waiver of the acceleration unless agreed to, in writing, by America's Servicing Co. and may be returned.  If foreclosure is initiated, you will have the right to bring a court action to refute the existence of a default or offer any other defense to acceleration you may deem appropriate.  You have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and sale.

To avoid the possibility of acceleration you must pay

$12,050.40 By May 31, 2009, 2:00 P.M. Central Time or
$15,063.00 By June 09, 2009 2:00 P.M. Central Time,

in CERTIFIED funds, to America's Servicing Co., PO Box 1820, Newark, NJ  07101-1820.  If funds are not received by the above stated time, we will proceed to automatically accelerate your loan.

We are required by Federal Law to notify you of the availability of government approved home ownership counseling agencies designed to help homeowners avoid losing their home.  To obtain a list of approved counseling agencies for your state please call 1-800-569-4287.  We urge you to give this matter your immediate attention.

J.106.DAY30.RJ.23

Case Number: PC-2017-1696
Filed in Providence/Bristol County Superior Court
Submitted: 5/26/2017 8:39:58 AM
Envelope: 1058330
Reviewer: Alexa G.

If you would like to discuss the present condition of your loan, or if we can be of further assistance, please call our Loan Service Representatives at 800-842-7654, Mon. - Fri. 8:00 AM - 6:00 PM in your time zone. This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt and, this company has a security interest in the property and will only exercise its rights as against the property.

Sincerely,

America's Servicing Co.
Default Management Department

I.106.DAY30.RI.2