```
_____
                                )
TODD J. GIROUX,                 )
                                )
          Plaintiff,            )
                                )
     v.                         )    C.A. No. 17-299 S
                                )
U.S. BANK NATIONAL ASSOCIATION, )
AS TRUSTEE FOR CSMC MORTGAGE-   )
BACKED PASS-THROUGH CERTIFICATES, )
SERIES 2006-4,                  )
                                )
          Defendant.            )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendant U.S. Bank National Association's Motion to Dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 4.) For the reasons set forth below, Defendant's Motion is GRANTED.

According to the Complaint, Plaintiff executed a mortgage with Allied Mortgage Group, Inc. that was later assigned to Defendant. (Compl. ¶¶ 7-8, ECF No. 1-2.) On May 10, 2009, Plaintiff was notified that his mortgage loan was in default. (Compl. ¶ 14, Ex. B.) The notice was not sent by Defendant, but instead by a self-identified "Loan Service Representative[]" named "America's Servicing Co." (Id.) The letter provided the "loan number" of the mortgage at issue and notified Plaintiff, among other things, that the "loan is in default." (Id.) Several years later, Defendant foreclosed on the mortgage,

"purportedly exercising the Statutory Power of Sale." (Compl. ¶ 9.)

Paragraph 22 of the mortgage agreement between Plaintiff and Defendant provides that, prior to any statutory sale, the "Lender shall give notice to Borrower prior to acceleration [of the mortgaged indebtedness] following Borrower's breach of any covenant or agreement in this Security agreement." (Compl. ¶ 12.) Plaintiff alleges that Defendant violated this provision because the notice of default was sent by America's Servicing Co., not the "Lender," and "fails to identify either the lender or the mortgage holder on whose behalf it has been sent." (Compl. ¶ 15.)

Defendant has filed a Motion to Dismiss (ECF No. 4) arguing that the Complaint fails to state a claim on which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotations omitted). The Court finds that the Complaint does not meet this standard.

The Court addressed essentially this same issue in Cornejo v. Bank of New York Melon, C.A. No. 16-64 S, 2016 WL 4385895, at *2 (D.R.I. Aug. 17, 2016). As the Court explained in that case, under Rhode Island law, a mortgage contract that requires the "Lender" to provide notice to a borrower does not prohibit the

2

"Lender" from providing such notice through an agent. Cornejo, 2016 WL 4385895, at *2 ("Under Rhode Island law . . . agents of the lenders[] can lawfully provide the borrower with the requisite foreclosure notices.") (internal citations omitted); see also Ingram v. Mortg. Elec. Registration Sys., Inc., 94 A.3d 523, 529 (R.I. 2014) (holding that a "foreclosure sale was lawfully noticed" where "OneWest, acting under power of attorney for Deutsche Bank, properly mailed notice to plaintiffs"). As such, Defendant's use of America's Servicing Co. to provide notice of default, without more, does not establish a breach of Paragraph 22 of the mortgage agreement.

In an attempt to get around this clear precedent, Plaintiff alleges that the notice of default violated paragraph 22 of the mortgage agreement not simply because it was sent by America's Servicing Co., but because America's Servicing Co. "fail[ed] to identify either the lender or the mortgage holder on whose behalf it has been sent." (Compl. ¶ 15.) But paragraph 22 does not require that the notice of default identify "either the lender or the mortgage holder" of the loan in default. It only requires that the "Lender shall give notice to Borrower prior to acceleration" (Compl. ¶ 12), and the Complaint readily concedes that such notice occurred through the Lender's agent, America's Servicing Co. (Compl. ¶ 14, Ex. B.) The Court also notes that the notice of default letter clearly identifies the "Loan Number" of the loan in default and describes America's Servicing

Co. as a loan servicer, thereby providing Plaintiff with sufficient notice of the mortgage loan at issue. (Compl. Ex. B, ECF No. 1-2.)

Given that the facts alleged in the Complaint do not describe a breach of paragraph 22 of the mortgage agreement under Rhode Island law, Plaintiff's claim is not "plausible on its face." Iqbal, 556 U.S. at 678. Defendant's Motion to Dismiss (ECF No. 4) is therefore GRANTED. Final judgment will enter for Defendant.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date: August 7, 2017